**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-14297-HERNANDEZ**

**BOBBY SHEARS**,

*Plaintiff*,

*v.*

**COMMISSIONER OF SOCIAL SECURITY**,

*Defendant*.
_______________________________________/

**ORDER**

Plaintiff Bobby Shears ("Plaintiff"), moving *pro se*, filed a Motion for Leave to Proceed *in Forma Pauperis* ("Motion"). [ECF No. 3]. Because Plaintiff's Motion indicates that he falls below the poverty line and is truly indigent, the Motion is **GRANTED**.

* * *

"Under 28 U.S.C. § 1915(a), a district court may authorize the commencement of a civil action without prepayment of fees or costs or the giving of security therefor, if the potential plaintiff has filed an affidavit that he or she is unable to pay such costs or give such security." *Fletcher v. Astrue*, No. 11-cv-24398-WJZ, 2011 WL 13319589, at *1 (S.D. Fla. Dec. 15, 2011). The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Willliams*, 490 U.S. 319, 324 (1989).

In the Eleventh Circuit, district courts have "wide discretion" in ruling on *in forma pauperis* ("IFP") motions, but the privilege should be granted "sparingly" and be "bestowed only upon those who are truly indigent." *Thomas v. Sec'y of Dep't of Veterans Affs.*, 358 Fed. App'x 115, 116 (11th Cir. 2009); *Fletcher*, 2011 WL 13319589, at *2 (quoting *Jones v. St. Vincent's Health Sys.*, No. 3:07-cv-177-J-32TEM, 2007 WL 1789242, at *1 (M.D. Fla. June 19, 2007)).

When considering a motion filed pursuant to 28 U.S.C. § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306–07 (11th Cir. 2004). A person need not be "absolutely destitute" or "forced to become [a] public charge[ ]" to proceed IFP; "an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* at 1307. "A district court may not deny an IFP motion without first comparing the party's assets and liabilities in order to determine whether the party has satisfied the poverty requirement." *Thomas*, 358 Fed. App'x at 116; *Walker v. Comm'r of Soc. Sec.*, No. 6:12-CV-1025-ORL-36, 2012 WL 4513760, at *1 (M.D. Fla. Oct. 1, 2012) (citing *Martinez*, 364 F.3d at 1307–08).

Plaintiff's long-form application discloses $0 in average monthly income, [ECF No. 3 at 1–2], and $0 in average monthly expenses, *id.* at 4–5. This comports with his representation that he is "totally disabled" and "staying with [his] mother." *Id.* at 5. Although he has no dependents, *id.* at 3, he also has no assets, *id.*, no cash, no money in a bank account, and no money in any other type of financial account, *id.* at 2. Plaintiff is unemployed, *id.*, and does not expect any change in his monthly income, monthly expenses, assets, or liabilities in the next 12 months, *id.* at 5. With these representations in mind, the Court finds that Plaintiff falls below the poverty line, *see* 91 Fed. Reg. at 1798 (indicating a poverty threshold of $15,960 for a one-person household), and is "truly indigent," *Fletcher*, 2011 WL 13319589, at *2 (quoting *Jones*, 2007 WL 1789242, at *1).

There is one more step to the IFP review. A court "must dismiss a case in which the plaintiff is proceeding in forma pauperis if the court determines that the complaint fails to state a claim on which relief may be granted." *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018) (citing 28 U.S.C. § 1915(e)(2)(B)(ii)). To state a claim properly, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a plaintiff need not set out detailed factual allegations, a complaint will not suffice if it tenders naked assertions devoid of further factual enhancement." *Dumond v. Carrington*, No. 22-cv-20339-RKA, 2022 WL 1121741, at *4 (S.D. Fla. Apr. 14, 2022) (quotation marks omitted). To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2). "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." FED. R. CIV. P. 10(c).

Plaintiff proceeds under 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security denying his disability claim. [ECF No. 1 ¶ 1]. "There exist three prerequisites set forth for judicial review in [42 U.S.C.] § 405(g): (1) a final decision made by the Commissioner after a hearing; (2) the commencement of a civil action within sixty days of the mailing of notice of the Commissioner's final decision; and (3) the filing of the action in an appropriate district court." *Anderson v. Comm'r of Soc. Sec.*, No. 22-cv-20900-BB, 2022 WL 16835935, at *2 (S.D. Fla. Nov. 9, 2022). The Commissioner's decision is final only after four steps of administrative review have been completed: "(1) initial determination; (2) reconsideration determination; (3) hearing before an [administrative law judge]; and (4) Appeals Council review." *Id.*

The Complaint provides a short and plain statement meeting these requirements and thus states a claim upon which relief may be granted. Plaintiff alleges that this lawsuit "is an appeal from a final administrative decision denying Plaintiff's claim" for Disability Insurance Benefits and Supplemental Security Income. [ECF No. 1 ¶ 2]. Although the Complaint itself lacks further detail about the denial, it does reference an attached Notice of Decision—Unfavorable and Notice of Appeals Council Action from the Social Security Administration. *Id.*; *see also* [ECF Nos. 1-1 & 1-2]. The Notice of Decision reflects that an unfavorable initial determination was made, that a reconsideration affirmed the denial, and that a hearing before an Administrative Law Judge occurred.

[ECF No. 1-1 at 5]. The Notice of Appeals Council Action indicates that the Appeals Council reviewed Plaintiff's claim and affirmed its denial. [ECF No. 1-2 at 1]. The first *Anderson* requirement is met. *Anderson*, 2022 WL 16835935, at *2. The Notice of Appeals Council Action is dated June 22, 2026 and informs Plaintiff that he must file suit within 60 days of receipt. [ECF No. 1-2 at 1, 2]. He filed suit on August 17, 2026. [ECF No. 1]. Plaintiff is a resident of St. Lucie County. *Id.* ¶ 4. The Complaint satisfies the second two *Anderson* requirements. *Anderson*, 2022 WL 16835935, at *2. At this early stage of litigation, Plaintiff has adequately stated a claim for which relief may be granted.

The Court will therefore **GRANT** the Motion, [ECF No. 3]. Plaintiff does not need to prepay the filing fee in this case and may proceed without prepayment of costs or fees.

**DONE AND ORDERED** in the Southern District of Florida on November 17, 2026.

**YENEY HERNANDEZ**
**UNITED STATES MAGISTRATE JUDGE**